UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, Plaintiff,

v.

DAVID MATUSICKY, Defendant.

Case No. CR06-199-RSM-JPD

DETENTION ORDER

Offenses charged:

Count 1: Conspiracy to Smuggle, Transport, and Harbor Illegal Aliens in violation of of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).

Counts 5 through 8: Bringing an Illegal Alien for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2.

Counts 12 through 16: Smuggling of an Illegal Alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(II), and 1324(A)(1)(B)(i),

Detention Hearing: June 16, 2006.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant is charged in seven counts, four of which carry a mandatory

minimum of three years of imprisonment. In addition, each of the four counts that carry a mandatory minimum can be stacked.

(2) The defendant is a permanent lawful resident of Canada, with no ties to this community.

(3) The financial status of the defendant is unknown, as he did not answer questions from Pretrial Services regarding his financial status.

(4) The defendant provided conflicting stories regarding his residence and regarding issues as to whether he possessed a California driver's license. He also possesses two social security numbers, including one from Canada and one from the United States.

(5) The defendant is alleged to be part of an illegal alien-smuggling ring with extensive ties throughout Canada.

(6) There appear to be no conditions or combination of conditions other than detention that will reasonably assure the defendant's appearance at future Court hearings.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 19th day of June, 2006.

JAMES P. DONOHUE
United States Magistrate Judge